NEW.20579

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **DASHANAY ADAMS and**<br>**BRANDON OVERSTREET,** | § § § | |
| **Plaintiffs,** | § § § | |
| **v.** | § § § | **CIVIL ACTION NO. _____** |
| **SUNBEAN PRODUCTS, INC.**<br>**And NEWELL BRANDS, INC.,** | § § § § | |
| **Defendants.** | § | |

## <u>INDEX OF PLEADINGS FILED IN THE STATE COURT ACTION</u>

**TO THE UNITED STATES DISTRICT CLERK:**

Pursuant to 28 U.S.C. § 1447(b), attached hereto are the following complete true and correct copies of all documents filed in the state court action:

1. Plaintiff's Original Petition (11-26-25);
2. Request for Citation – Newell Brands, Inc. (11-26-25);
3. Request for Citation – Sunbeam Products, Inc. (11-26-25);
4. Affidavit of Service - Newell Brands, Inc (12-11-25);
5. Affidavit of Service – Sunbeam, Inc (12-11-25).

Respectfully submitted,

**FEE, SMITH & SHARP, LLP**


/s/ Scott W. Self
**SCOTT W. SELF**
State Bar No. 24033176
sself@feesmith.com
**HUNTER R. TORMEY**
State Bar No. 24131718
htormey@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-980-3255
972-934-9200 [Fax]

**ATTORNEYS FOR SUNBEAM
PRODUCTS, INC. and NEWELL
BRANDS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on this the 22nd day of December 2025, a true and correct copy the foregoing instrument was served on the following counsel of record authorized by Federal Rule of Civil Procedure 5(b)(2):

<u>*Via EMAIL:*</u>

**SORRELS LAW**
Randall O. Sorrels
State Bar No. 10000000
Eric K. Gerard
State Bar No. 24090121
Ronald K. "Ron" Lovett
State Bar No. 00796016
Dakota Johnson
State Bar No. 24143053
230 Westcott Street
Houston, Texas 77007
(713) 496-1100 – Main
(713) 751-2394 – Facsimile
eric@sorrelslaw.com
randy@sorrelslaw.com
ron@sorrelslaw.com
dakota@sorrelslaw.com
E-service: eservice@sorrelslaw.com

And

**AZ LAW FIRM**
Megan Evans
State Bar No. 24090092
187 Elmhurst Drive, Suite A
Kyle, Texas 78640
(512) 400-7070 – Main
(512) 532-7766 – Facsimile
megan@azfirm.law

ATTORNEYS FOR PLAINTIFFS

*/s/ Scott W. Self*
**SCOTT W. SELF**

FILED
11/26/2025 7:48 PM
Amanda K. Calvert
District Clerk
Hays County, Texas

CAUSE NO. 25-3493-DCF

| | | |
|---|---|---|
| **DASHANAY ADAMS, and** | § | **IN THE DISTRICT COURT OF** |
| **BRANDON OVERSTREET** | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| **v.** | § | **HAYS COUNTY, TEXAS** |
| | § | |
| **SUNBEAM PRODUCTS, INC.** | § | |
| **AND NEWELL BRANDS,** | § | |
| **INC.** | § | |
| *Defendants.* | § | 483 _____  **JUDICIAL COURT** |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Dashanay Adams and Brandon Overstreet files this Original Petition against Sunbeam Products, Inc. and Newell Brands, Inc. (collectively, "Defendants") and in support thereof respectfully show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Pursuant to Tex. R. Civ. P. 190.1, Plaintiffs intend to conduct discovery under Level 3, and requests that a Discovery Control Plan be entered by the Court pursuant to Rule 190.4.

### II.
### PARTIES

2.      Plaintiffs Dashanay Adams ("Plaintiff Adams") and Brandon Overstreet ("Plaintiff Overstreet") are citizens and residents of Hays County, Texas, and were citizens and residents of Hays County, Texas, at all times relevant to this suit.

3.      Defendant Sunbeam Products, Inc. ("Sunbeam") is a foreign for-profit corporation organized under the laws of the State of Delaware with its principal office located at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328. Defendant Sunbeam Products, Inc. is authorized to conduct business in Texas and was engaged in business in the State of Texas at all relevant times. Defendant Sunbeam may be served with process through its registered agent,

Copy from re:SearchTX

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th St., Suite 620, Austin, Texas 78701. _Issuance of citation and service of process on this Defendant is requested at this time._

4.      Defendant Newell Brands Inc. ("Newell") is a foreign for-profit corporation organized under the laws of the State of Delaware, with its principal office also located at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328. Defendant Newell Brands Inc. is authorized to conduct business in Texas and was engaged in business in the State of Texas at all relevant times. It may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th St., Suite 620, Austin, Texas 78701. _Issuance of citation and service of process on this Defendant is requested at this time_.

5.      Pursuant to Tex. R. Civ. P. 28, Plaintiffs expressly invoke the right to have the true name(s) of the parties substituted at a later time upon the motion of any party or of the Court.

### III.
### MISNOMER, ALTER EGO, AND PIERCING THE CORPORATE VEIL

6.      In the event any parties are misnamed or are not included herein, Plaintiffs contend that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

7.      Plaintiffs contend that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice. Usually, the corporate veil protects parent companies, shareholders, officers, directors, and affiliates from personal liability for corporate obligations, whether arising out of contract or tort. However, when various legal entities are abused by the organizers, directors, or members of these entities, the corporate veil can be disregarded, and individual liability can be imposed.

---

**PLAINTIFFS' ORIGINAL PETITION**                                                    **Page 2 of 16**

Copy from re:SearchTX

8.      In addition, or alternatively, it is Plaintiffs' contention that such corporation and/or such person/director/officer are/were "alter egos" of the parties named herein. The Texas Supreme Court has described this basis for piercing the corporate veil as follows: "[u]nder the alter ego theory, courts disregard the corporate entity when there exists such unity between the corporation and individual that the corporation ceases to be separate and when holding only the corporation liable would promote injustice." *Mancorp, Inc. v. Culpepper,* 802 S.W.2d 226, 228 (Tex. 1990) (citing *Castleberry v Branscum,* 721 S.W.2d. 270, 272 (Tex. 1986)).

**IV.**
**JURISDICTION AND VENUE**

9.      This Court has personal jurisdiction over Defendants Sunbeam and Newell because these Defendants purposefully availed themselves of the privileges of doing business in the State of Texas and the claims at issue directly arise from these Defendants' contacts with Texas.

10.     This Court has subject matter jurisdiction over the matter because Plaintiffs have suffered damages within the jurisdictional limits of this Court and seeks damages in excess of the minimum jurisdictional limit. Plaintiffs seek monetary relief over $1,000,000 for damages that arise out of the Incident that makes the basis of this action.

11.     Venue is proper in Hays County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred Hays County, Texas.

**V.**
**FACTS**

12.     In 2022, Plaintiffs purchased a Crock-Pot Express Model CPPV60-SS (the "Pressure Cooker").

13.     Defendants Sunbeam and Newell manufactured, inspected, sold, advertised, marketed, and place the Pressure Cooker into the stream of commerce.

Copy from re:SearchTX

14.     On or about November 24, 2024, Mrs. Adams used the Pressure Cooker to prepare chicken thighs for dinner in accordance with the Pressure Cooker's supplied instructions. After the Pressure Cooker indicated the cooking process was complete, Mrs. Adams opened the steam release valve pursuant to the Pressure Cooker's supplied instructions.

15.     As Mrs. Adams began to open the Pressure Cooker, it erupted, sending its scalding contents all over Ms. Adams' body (the "Incident"). Mrs. Adams suffered severe and permanent injuries as a result of the Incident.

## VI.
## CAUSES OF ACTION

16.     Plaintiffs incorporate the preceding paragraphs by reference as if fully set forth herein.

### A.  PRODUCTS LIABILITY

17.     At all times relevant herein, Defendants were involved in the design, manufacture, and distribution of the Pressure Cooker that caused Plaintiffs' injuries and damages.

18.     Defendants owed Mrs. Adams a duty of ordinary care concerning the manufacturing, design, testing, construction, fabrication, production, assembly, marketing, storage, loading, packaging, transport, delivery, distribution, and/or sale of the Pressure Cooker.

19.     Defendants were negligent in breaching these duties as described herein. Specifically, Defendants negligently manufactured, designed, tested, constructed, fabricated, produced, assembled, maintained, inspected, packaged, stored, loaded, distributed, transported, delivered, and/or sold the Pressure Cooker.

20.     Defendants knew or should have known of the underlying defective and dangerous condition of the Pressure Cooker they manufactured, designed, tested, constructed, fabricated, produced, assembled, maintained, inspected, distributed, and/or sold

---

**PLAINTIFFS' ORIGINAL PETITION**                                    **Page 4 of 16**

Copy from re:SearchTX

21.     Defendants were negligent when they manufactured, designed, tested, constructed, fabricated, produced, assembled, maintained, distributed, and/or sold the Pressure Cooker, which created a substantial and/or extreme degree of risk of serious bodily injury and/or death associated with their failure to function properly.

22.     Defendants' negligence were a proximate cause of Plaintiffs' injuries and damages as described below.

### i.    DESIGN DEFECT

23.     Mrs. Adams' injuries were reasonably foreseeable, and she was an intended and/or foreseeable end user of the Pressure Cooker. Her injuries resulted from design defects related to the Pressure Cooker. She was part of the class of people that Defendants should have reasonably foreseen as being at risk of harm caused by the defective design of the Pressure Cooker. The Pressure Cooker was defectively designed when it left the Defendants' control.

24.     The Pressure Cooker was defectively designed because its use created a substantial or extreme degree of risk of serious bodily injury and/or death associated with its failure to function properly without creating a substantial risk of serious injury.

25.     Prior to the time of Mrs. Adams' use of the Pressure Cooker, Defendants knew or should have known that (1) the Pressure Cooker would be purchased and/or used without inspection for design defects; (2) that the Pressure Cooker had design defects; and (3) the defective nature of the Pressure Cooker presented a serious risk of bodily injury and/or death to its purchasers and/or users.

26.     Mrs. Adams could not, in the exercise of reasonable care, have discovered the defective nature of the Pressure Cooker. She could not have known that the Pressure Cooker was

Copy from re:SearchTX

manufactured, designed, tested, constructed, fabricated, produced, assembled, maintained, distributed, and/or sold in such a manner that would increase the risk of serious injury and/or death.

27.    The Pressure Cooker was being used in the manner intended by Defendants, or in the alternative, used or misused in a manner reasonably foreseeable by Defendants as involving a substantial danger not readily apparent. When Mrs. Adams used the Pressure Cooker, it was in substantially the same condition as when it left Defendants' possession.

28.    Defendants failed to warn adequately about the latent dangers of the Pressure Cooker. Due to the design defects described herein, the Pressure Cooker was unreasonably dangerous for its intended uses. The benefits of the Pressure Cooker were not outweighed by the risks associated with its design defects. Safer alternative designs existed. The safer alternative designs would have prevented Mrs. Adams' injuries. The safer alternative designs were economically and technologically feasible at the time the Pressure Cooker left the Defendants control. Defendants failed to identify dangers posed by the Pressure Cooker; perform adequate testing to identify the dangers posed by the Pressure Cooker; perform testing to identify methods for mitigating the dangers posed by use of the Pressure Cooker; and develop and provide adequate warnings of the latent dangers created by the use of the Pressure Cooker.

29.    The Pressure Cooker was unsafe for its express and intended purposes. Plaintiffs detrimentally relied on representations, express and implied, that the Pressure Cooker would function properly and would be safe for Plaintiffs to use. Defendants should not have placed the Pressure Cooker on the market given its defective condition, improper labeling, and inadequate instructions and warning.

30.    The design defects described above were a proximate cause of Plaintiffs' damages.

### ii.    MANUFACTURING DEFECT

Copy from re:SearchTX

31.     Mrs. Adams' injuries were reasonably foreseeable, and she was an intended user of the Pressure Cooker. Her injuries resulted from manufacturing defects relating to the Pressure Cooker. She was in the class of persons that Defendants should have reasonably foreseen as being subject to the harm caused by the manufacturing defects relating to the Pressure Cooker. The Pressure Cooker was defectively manufactured when it left Defendants' control.

32.     The Pressure Cooker was defectively manufactured because its use created a substantial risk and/or extreme degree of risk of serious bodily injury and/or death associated with its failure to function properly.

33.     The Pressure Cooker deviated in terms of its construction and/or quality from the specifications or intended functionality in a manner that rendered it unreasonably dangerous.

34.     Prior to the time of Mrs. Adams' use of the Pressure Cooker, Defendants knew or should have known that (1) the Pressure Cooker would be purchased and/or used without inspection for manufacturing defects; (2) that the Pressure Cooker had manufacturing defects; and (3) the defective nature of the Pressure Cooker presented a serious risk of bodily injury and/or death to its purchasers and/or users.

35.     Plaintiffs could not, in the exercise of reasonable care, have discovered the defective nature of the Pressure Cooker. Plaintiffs could not have known that the Pressure Cooker was manufactured, designed, tested, constructed, fabricated, produced, assembled, maintained, distributed, and/or sold in such a manner that would increase the risk of serious injury and/or death.

36.     The Pressure Cooker was being used in the manner intended by these Defendants, or in the alternative, used or misused in a manner reasonably foreseeable by these Defendants as involving a substantial danger not readily apparent. When Mrs. Adams used the Pressure Cooker, it was in substantially the same condition as when it left Defendants' possession.

Copy from re:SearchTX

37. These Defendants failed to warn adequately about the latent dangers of the Pressure Cooker. Due to the manufacturing defects described herein, the Pressure Cooker was unreasonably dangerous for its intended uses. The benefits of the Pressure Cooker were not outweighed by the risks associated with their manufacturing defects. Safer alternative designs existed. The safer alternative designs would have prevented the subject injuries. The safer alternative designs were economically and technologically feasible at the time the Pressure Cooker left the control of these Defendants. These Defendants failed to identify dangers posed by the Pressure Cooker; perform adequate testing to identify dangers posed by the Pressure Cooker; perform testing to identify methods for mitigating the dangers posed by the use of the Pressure Cooker; and develop and provide adequate warnings of the latent dangers created by the use of the Pressure Cooker.

38. The Pressure Cooker was unsafe for its express and intended purposes. Plaintiffs detrimentally relied on representations, express and implied, that the Pressure Cooker would function properly and would be safe for Plaintiffs to use. Defendants should not have placed the Pressure Cooker on the market given its defective condition, improper labeling, and inadequate instructions and warnings.

39. The manufacturing defects described above were a proximate cause of Plaintiffs' damages.

### iii. *MARKETING DEFECT AND FAILURE TO WARN*

40. Defendants had a duty to warn of the potential harm presented by the defective nature of the Pressure Cooker. This duty extends to what Defendants knew or should have known as to the potential harm presented by the nature of their products. Defendants marketed the Pressure Cooker without adequate warnings of the dangers associated with its use and failed to provide adequate instructions for its safe use.

---

**PLAINTIFFS' ORIGINAL PETITION** **Page 8 of 16**

Copy from re:SearchTX

41.     Mrs. Adams' injuries were reasonably foreseeable, and she was an intended and/or foreseeable end user of the Pressure Cooker. Defendants failed to provide adequate warnings about the dangers associated with the Pressure Cooker and/or adequate instructions for its safe use when the product left these Defendants' control or at any relevant time thereafter. Mrs. Adams was in the class of people that these Defendants should have reasonably foreseen as being subject to the harm caused by the marketing defects of the Pressure Cooker. The Pressure Cooker was defectively designed when it left Defendants' control.

42.     Defendants failed to adequately warn that the use of the Pressure Cooker creates a substantial and/or extreme degree of risk of serious bodily injury and/or death associated with its failure to function properly.

43.     Defendants failed to provide adequate instructions that would allow users to mitigate the risks described above. Such warnings and instructions would have allowed Mrs. Adams the ability to protect against and mitigate the risk of harm. Because such warnings and/or instructions were not given and/or were inadequate, the Pressure Cooker had marketing defects and was unreasonably dangerous.

44.     Prior to Mrs. Adams' use of the Pressure Cooker, Defendants knew or should have known that (1) the Pressure Cooker would be purchased and/or used without inspection for marketing defects; (2) about the Pressure Cooker's marketing defects; and (3) the defective nature of Pressure Cooker presented a serious risk of bodily injury and/or death to its purchasers and/or users.

45.     Plaintiffs could not, in the exercise of reasonable care, have discovered the defective nature of the Pressure Cooker. Plaintiffs could not have known that the Pressure Cooker

---

**PLAINTIFFS' ORIGINAL PETITION**                                     **Page 9 of 16**

Copy from re:SearchTX

was manufactured, designed, tested, constructed, fabricated, produced, assembled, maintained, distributed, and/or sold in such a manner that would increase the risk of serious injury and/or death.

46.     The Pressure Cooker was being used in the manner intended by these Defendants, or in the alternative, used or misused in a manner reasonably foreseeable by these Defendants as involving a substantial danger not readily apparent. When Mrs. Adams used the Pressure Cooker, it was in substantially the same condition as when it left the possession of these Defendants.

47.     These Defendants failed to warn adequately about the latent dangers of the Pressure Cooker. Due to the design defects described herein, the Pressure Cooker was unreasonably dangerous for its intended uses. The benefits of the Pressure Cooker were not outweighed by the risks associated with their design defects. Safer alternative designs existed. The safer alternative designs would have prevented the subject injuries. The safer alternative designs were economically and technologically feasible at the time the Pressure Cooker left the control of these Defendants. These Defendants failed to identify dangers posed by the Pressure Cooker; perform adequate testing to identify dangers posed by the Pressure Cooker; perform testing to identify methods for mitigating the dangers posed by the use of the Pressure Cooker; and develop and provide adequate warnings of the latent dangers created by the use of the Pressure Cooker.

48.     The Pressure Cooker was unsafe for its express and intended purposes. Plaintiffs detrimentally relied on representations, express and implied, that the Pressure Cooker would function properly and would be safe for Mrs. Adams to use. These Defendants should not have placed the Pressure Cooker on the market given its defective condition, improper labeling, and inadequate instructions and warning.

49.     The marketing defects described above were a proximate cause of Plaintiffs' damages.

Copy from re:SearchTX

### B. NEGLIGENCE

50.     At all times relevant, Defendants were engaged in the design, manufacturing, marketing, distribution, and sale of the Crock-Pot that injured Mrs. Adams. Defendants owed a duty to exercise reasonable care in the design, testing, manufacture, inspection, labeling, marketing, and sale of the Crock-Pot to ensure that it was safe for its intended and reasonably foreseeable use.

51.     Defendants breached this duty in one or more of the following respects, including but not limited to:

 a.  Designing and manufacturing a product with a defective lid locking mechanism or pressure-release system;

 b.  Failing to adequately test the product to ensure it could be safely opened during normal operation;

 c.  Failing to warn consumers of the danger of opening the lid under certain conditions;

 d.  Failing to include adequate instructions or warnings about the risk of sudden and explosive steam release during ordinary use;

 e.  Placing a defective and unreasonably dangerous product into the stream of commerce.

52.     As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiffs suffered severe injuries and damages.

53.     Mrs. Adams' injuries were foreseeable and preventable had Defendants exercised ordinary care. Defendants' conduct in failing to design, test, and warn of the dangerous condition of their product constitutes negligence under Texas law.

---

**PLAINTIFFS' ORIGINAL PETITION**         **Page 11 of 16**

Copy from re:SearchTX

## C.  GROSS NEGLIGENCE

54.    Defendants had actual, subjective awareness of the extreme risk posed by the defective design and inadequate safety features of the Crock-Pot in question. Despite this awareness, Defendants proceeded with conscious indifference to the rights, safety, and welfare of consumers, including Plaintiffs.

55.    Specifically, Defendants:

a.  Knew or should have known of prior incidents and consumer complaints involving sudden steam explosions and lid malfunctions associated with similar Crock-Pot models;

b.  Failed to implement appropriate design modifications, safeguards, or warning mechanisms to eliminate or reduce the risk of serious injury;

c.  Failed to conduct adequate safety testing despite being aware of the foreseeable risk of catastrophic burn injuries during normal use;

d.  Chose to continue marketing and selling the product without disclosing known dangers or issuing timely recalls or consumer alerts.

56.    Defendants' conduct reflects more than mere carelessness—it demonstrates an entire want of care and an extreme departure from the standard of conduct expected of a reasonable manufacturer under the circumstances. Such gross negligence was a proximate cause of the incident in question and of the severe third-degree burns and other injuries sustained by Mrs. Adams.

57.    Accordingly, Plaintiffs seeks an award of exemplary damages under Chapter 41 of the Texas Civil Practice and Remedies Code.

Copy from re:SearchTX

## VII.
## DAMAGES

58.     Plaintiffs incorporate the preceding paragraphs by reference as if fully set forth herein.

59.     As a direct and proximate result of Defendants' acts and omissions, Mrs. Adams sustained severe and permanent injuries.  Accordingly, she brings this suit for the following damages which resulted from Defendants' actions:

  a.  Past and future medical expenses;

  b.  Past and future physical pain, suffering, and mental anguish;

  c.  Past and future physical impairment;

  d.  Past and future physical disfigurement;

  e.  Past lost wages, and future loss of earning capacity;

  f.  Pre- and post-judgment interest;

  g.  Costs of court; and

  h.  Any and all damages to which she may be justly entitled under the law.

60.     Plaintiff Brandon Overstreet is the spouse of Mrs Adams.  The elements of damages he has suffered and seeks to recover are as follows:

  a.     Loss of consortium, past and future;

  b.     Loss of household services, past and future;

  c.     Past and future medical expenses; and

  d.     Mental anguish, past and future.

61.     Based on the above enumerated damages caused by Defendants' negligent acts and omissions, the amount of Plaintiff's damages are substantial and exceeds the jurisdictional minimums of this Court. The amount of damages that would fairly and reasonably compensate

---

**PLAINTIFFS' ORIGINAL PETITION**                                    **Page 13 of 16**

Copy from re:SearchTX

Plaintiff for her injuries are to be properly determined by a jury after consideration of all the evidence presented at trial. However, in satisfaction of the requirements of Tex. R. Civ. P. 47(c), Plaintiff seeks monetary relief of over $1,000,000 at this time. Plaintiff makes this damage calculation pursuant Tex. R. Civ. P. 47. This statement is made solely for the purpose of providing information on the nature of this case, does not affect Plaintiff's substantive rights, and is made subject to Plaintiff's right to amend.

62.    In addition to the mentioned damages Plaintiff invokes Tex. Civ. Prac. & Rem. §41.008 and seeks exemplary damages in light of Defendants' grossly negligent conduct described herein.

## VIII.
## INTEREST

63.    Plaintiff seeks pre-judgment and post-judgment interest as authorized by law. Plaintiff also claims damages in the amount of the legal interest as allowed by law on all pecuniary and non-pecuniary damages as found by the jury at the maximum legal rate allowed by law: (a) accruing from a date beginning 180 days after the date Defendants received written notice of this claim or on the date of filing suit, whichever occurred first, until the time judgment against Defendants is rendered; and (b) after judgment until the same is paid.

## IX.
## PRESERVATION OF EVIDENCE

64.    Plaintiff hereby request and demand that Defendants and their agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense related to the Incident made the basis of this lawsuit, and the resulting damages, including but not limited to videos, photographs, audiotapes, recordings, correspondence, memoranda, files, facsimiles, email, voicemail, text messages, cellular phone records, and data or physical evidence taken from any vehicle involved in the collision subject of this lawsuit. Failure to maintain such items will

**PLAINTIFFS' ORIGINAL PETITION**                                    **Page 14 of 16**

Copy from re:SearchTX

constitute "spoliation" of the evidence and may subject Defendants to sanctions, and the Court will provide the jury an instruction thereon at the trial of this case.

## X.
## CONDITIONS PRECEDENT

65.     All conditions precedent have been performed or have occurred.

## XI.
## RULE 193.7 NOTICE

66.     Pursuant to Tex. R. Civ. P. 193.7, Plaintiffs hereby gives actual notice to Defendants that any documents produced in response to written discovery will be used in pretrial proceedings and/or at trial without the necessity of authenticating the documents, unless Defendants object pursuant to Tex. R. Civ. P. 193.7.

## XII.
## PRAYER

For these reasons, Plaintiffs Dashanay Adams and Brandon Overstreet request that the Court issue citation commanding Defendants to appear and answer, and that Plaintiffs have a judgment against Defendants for actual damages, exemplary damages, pre-judgment and post-judgment interest, costs of court, and any further relief to which Plaintiffs may be entitled at law or in equity.

[*Signature Block on the next page*]

---

**PLAINTIFFS' ORIGINAL PETITION**                                          **Page 15 of 16**

Copy from re:SearchTX

Respectfully submitted,

**SORRELS LAW**

*/s/ Ron Lovett*
Randall O. Sorrels
State Bar No. 10000000
Eric K. Gerard
State Bar No. 24090121
Ronald K. "Ron" Lovett
State Bar No. 00796016
Dakota Johnson
State Bar No. 24143053
230 Westcott Street
Houston, Texas 77007
(713) 496-1100 – Main
(713) 751-2394 – Facsimile
eric@sorrelslaw.com
randy@sorrelslaw.com
ron@sorrelslaw.com
dakota@sorrelslaw.com
E-service: eservice@sorrelslaw.com

*And*

**AZ LAW FIRM**

*/s/ Megan Evans*
Megan Evans
State Bar No. 24090092
187 Elmhurst Drive, Suite A
Kyle, Texas 78640
(512) 400-7070 – Main
(512) 532-7766 – Facsimile
megan@azfirm.law

**ATTORNEYS FOR PLAINTIFFS**

---

**PLAINTIFFS' ORIGINAL PETITION**                                    **Page 16 of 16**

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sorrels Law on behalf of Ronald Lovett
Bar No. 796016
eservice@sorrelslaw.com
Envelope ID: 108559302
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 12/2/2025 9:11 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Randy O.Sorrels | | randy@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Randy O.Sorrels | | randy@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Randall Sorrels | | eservice@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Randall Sorrels | | eservice@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Marla Medina | | marla@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Marla Medina | | marla@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Ronald K.Lovett | | ron@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Ronald K.Lovett | | ron@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Dakota Johnson | | dakota@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Dakota Johnson | | dakota@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Sandra Gomez | | sandra@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Sandra Gomez | | sandra@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Eric K.Gerard | | eric@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Eric K.Gerard | | eric@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Megan Evans | | megan@azfirm.law | 12/1/2025 12:51:00 PM | SENT |

Copy from re:SearchTX

# AMANDA K. CALVERT
## Hays County District Clerk

FILED
11/26/2025 7:48 PM
Amanda K. Calvert
District Clerk
Hays County, Texas

Hays County Government Center    712 S. Stagecoach Trail #2211    San Marcos, Texas 78666
**PHONE (512) 393-7660        FAX (512)393-7674**

## ISSUANCE OF PROCESS INSTRUCTIONS
### CAUSE NUMBER: 25-3493-DCF

**TYPE OF PROCESS**:
☑ Citation        ☐ Citation by Posting        ☐ Temporary Restraining Order
☐ Citation by Publication (Please indicate which newspaper below)
☐ Temporary Injunction      ☐ Permanent Injunction      ☐ Show Cause Notice
☐ Precept      ☐ Appl. and Temp Ex Parte Protective Order      ☐ Capias
☐ Writ of Attachment (person)      ☐ Writ of Habeas Corpus      ☐ Writ of Sequestration
☐ Writ of Garnishment        ☐ Civil Subpoena        ☐ Criminal Subpoena
☐ Scire Facias  (Death of Plaintiff)  (Death of Defendant)  (Revive Dormant Judgment)
☐ Other _____ (Do not request post judgment remedies on
this form, use other form (Execution, Orders of Sale, Abstracts)

**TYPE OF SERVICE:**
☐        Attorney will pick up (Place in Attorney Box)
☐        Runner/Process Server will pick up (Place in pick up box)
☑        E-Mail to Attorney's Office/Requesting Party: eservice@sorrelslaw.com
☐        Mail to Attorney's Office/Requesting Party
☐        Forward to Constable's Office (Circle one)  Precinct -   1    2    3    4    5
         (**Service Fee and Copy or Copy Fee Required**)
☐        Serve by Certified Mail **Service Fee and Copy or Copy Fee Required**
☐        Publication (Circle one)  Hays Free Press      San Marcos Daily Record    OCA
         (*Service Fee Required*)  **Brief Statement of Suit Required** (use reverse side)
☐        Posting at Courthouse Door (*Service fee/copy fee required*)
         **Brief Statement of Suit Required (**use reverse side)

TITLE OF DOCUMENT TO BE SERVED AND FILE DATE;_____
    **Plaintiffs' Original Petition**
_____

PARTY TO BE SERVED:  (Please fill out a new request form per party to be served)
**Do not complete this section if requesting Criminal / Civil Subpoena**
NAME/AGENT: **Newell Brands Inc., through its registered agent, Corporation Service Company d/b/a
            CSC-Lawyers Incorporating Service Company**
ADDRESS: **211 E. 7th St., Suite 620** _____

CITY/STATE/ZIP: **Austin, Texas 78701**

SIGNATURE OF PARTY REQUESTING SERVICE: **/s/ Ron Lovett, SB#: 00796016**
PHONE NUMBER: **(713) 496-1100** _____    E-MAIL: **ron@sorrelslaw.com** _____

**IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, IT WILL BE
DESTROYED****

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sorrels Law on behalf of Ronald Lovett
Bar No. 796016
eservice@sorrelslaw.com
Envelope ID: 108559302
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 12/2/2025 9:11 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Randy O.Sorrels | | randy@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Randy O.Sorrels | | randy@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Randall Sorrels | | eservice@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Randall Sorrels | | eservice@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Marla Medina | | marla@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Marla Medina | | marla@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Ronald K.Lovett | | ron@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Ronald K.Lovett | | ron@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Dakota Johnson | | dakota@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Dakota Johnson | | dakota@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Sandra Gomez | | sandra@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Sandra Gomez | | sandra@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Eric K.Gerard | | eric@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Eric K.Gerard | | eric@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Megan Evans | | megan@azfirm.law | 12/1/2025 12:51:00 PM | SENT |

Copy from re:SearchTX

# AMANDA K. CALVERT
## Hays County District Clerk

FILED
11/26/2025 7:48 PM
Amanda K. Calvert
District Clerk
Hays County, Texas

Hays County Government Center     712 S. Stagecoach Trail #2211     San Marcos, Texas 78666
**PHONE (512) 393-7660     FAX (512)393-7674**

## ISSUANCE OF PROCESS INSTRUCTIONS
### CAUSE NUMBER: 25-3493-DCF

**TYPE OF PROCESS**:

[✓] Citation          ☐ Citation by Posting          ☐ Temporary Restraining Order
☐ Citation by Publication (Please indicate which newspaper below)
☐ Temporary Injunction     ☐ Permanent Injunction     ☐ Show Cause Notice
☐ Precept     ☐ Appl. and Temp Ex Parte Protective Order     ☐ Capias
☐ Writ of Attachment (person)     ☐ Writ of Habeas Corpus     ☐ Writ of Sequestration
☐ Writ of Garnishment     ☐ Civil Subpoena     ☐ Criminal Subpoena
☐ Scire Facias  (Death of Plaintiff)  (Death of Defendant)  (Revive Dormant Judgment)
☐ Other _____(Do not request post judgment remedies on
this form, use other form (Execution, Orders of Sale, Abstracts)

**TYPE OF SERVICE:**

☐          Attorney will pick up (Place in Attorney Box)
☐          Runner/Process Server will pick up (Place in pick up box)
[✓]          E-Mail to Attorney's Office/Requesting Party: eservice@sorrelslaw.com
☐          Mail to Attorney's Office/Requesting Party
☐          Forward to Constable's Office (Circle one)  Precinct -   1   2   3   4   5
            (**Service Fee and Copy or Copy Fee Required**)
☐          Serve by Certified Mail **Service Fee and Copy or Copy Fee Required**
☐          Publication (Circle one)  Hays Free Press     San Marcos Daily Record     OCA
            (*Service Fee Required*)  **Brief Statement of Suit Required** (use reverse side)
☐          Posting at Courthouse Door (*Service fee/copy fee required*)
            **Brief Statement of Suit Required (**use reverse side)

TITLE OF DOCUMENT TO BE SERVED AND FILE DATE;_____
     **Plaintiffs' Original Petition**
_____

PARTY TO BE SERVED:  (Please fill out a new request form per party to be served)
**\*\*Do not complete this section if requesting Criminal / Civil Subpoena\*\***
NAME/AGENT: **Sunbeam Products, Inc., through its registered agent, Corporation Service Company**
            **d/b/a CSC-Lawyers Incorporating Service Company**
ADDRESS:  **211 E. 7th St., Suite 620** _____

CITY/STATE/ZIP: **Austin, Texas 78701**

SIGNATURE OF PARTY REQUESTING SERVICE: **/s/ Ron Lovett, SB#: 00796016**
PHONE NUMBER:  **(713) 496-1100** _____     E-MAIL: **ron@sorrelslaw.com**

**\*\*IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, IT WILL BE**
**DESTROYED\*\*\*\***

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sorrels Law on behalf of Ronald Lovett
Bar No. 796016
eservice@sorrelslaw.com
Envelope ID: 108559302
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 12/2/2025 9:11 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Randy O.Sorrels | | randy@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Randy O.Sorrels | | randy@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Randall Sorrels | | eservice@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Randall Sorrels | | eservice@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Marla Medina | | marla@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Marla Medina | | marla@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Ronald K.Lovett | | ron@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Ronald K.Lovett | | ron@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Dakota Johnson | | dakota@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Dakota Johnson | | dakota@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Sandra Gomez | | sandra@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Sandra Gomez | | sandra@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Eric K.Gerard | | eric@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Eric K.Gerard | | eric@sorrelslaw.com | 12/1/2025 12:51:00 PM | SENT |
| Megan Evans | | megan@azfirm.law | 12/1/2025 12:51:00 PM | SENT |

Copy from re:SearchTX

FILED
12/11/2025 4:05 PM
Amanda K. Calvert
District Clerk
Hays County, Texas

## CAUSE NO. 25-3493-DCF

| | | |
|---|---|---|
| DASHANAY ADAMS, AND BRANDON OVERSTREET | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | 483RD JUDICIAL DISTRICT |
| | § | |
| SUNBEAM PRODUCTS, INC. AND NEWELL BRANDS, INC. | § | |
| | § | |
| Defendant. | § | HAYS COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Andrew Swatzell** who, being by me duly sworn, deposed and said:

"The following came to hand on **December 5, 2025, 1:31 PM,**

### CITATION
### PLAINTIFFS' ORIGINAL PETITION,

and was executed at **211 EAST 7TH STREET STE 620, AUSTIN, TX 78701** within the county of **TRAVIS** at **11:34 AM** on **December 09, 2025**, by delivering a true copy to the within named

### SUNBEAM PRODUCTS, INC.
### BY AND THROUGH ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY BY PERSONALLY DELIVERING TO ITS DESIGNATED AGENT, MAK HAYES

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Andrew Swatzell
PSC-18592 Exp. 09/30/2026

BEFORE ME, a Notary Public, on this day personally appeared Andrew Swatzell, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON <u>DECEMBER 10, 2025</u>

Notary Public, State of Texas

CARLY SWATZELL
Notary Public, State of Texas
Comm. Expires 09-14-2029
Notary ID 133330082

14743401

Copy from re:SearchTX

CITATION
THE STATE OF TEXAS
CAUSE NO. 25-3493-DCF

STYLED:  DASHANAY ADAMS, AND BRANDON OVERSTREET  VS SUNBEAM PRODUCTS, INC. AND NEWELL BRANDS, INC.

TO: **SUNBEAM PRODUCTS, INC. , THROUGH ITS REGISTERED CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7TH ST., SUITE 620  AUSTIN TX 78701**

**NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION**, which was filed by the **PLAINTIFF,** in the above styled and numbered cause on the **26th day of November, 2025**, in the 483rd District Court of Hays County, San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 4th day of December, 2025.

REQUESTED BY:
Ronald K Lovett
Sorrels Law
230 Westcott Street
Houston TX  77007
713-496-1100



**AMANDA K. CALVERT**
Hays County District Clerk
Hays County Government Center
712 S. Stagecoach Trail, Suite 2211
San Marcos, Texas 78666
512-393-7660
By:_____
**Masciel Sanchez, Deputy**

## OFFICER'S RETURN

Came to hand on the __ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of _____20___ by  delivering to defendant _____ in person,  a true copy of this citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock ___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding defendant being_____

_____

[ ] Information received as to the whereabouts of defendant being_____

_____

Service Fee:$_____

Sworn to and subscribed before me this the _____ day of _____

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY:_____

_____
Printed Name of Server

_____
NOTARY PUBLIC, THE STATE OF TEXAS

_____County, Texas

Copy from re:SearchTX

FILED
12/11/2025 4:11 PM
Amanda K. Calvert
District Clerk
Hays County, Texas

## CAUSE NO. 25-3493-DCF

| | | |
|---|---|---|
| DASHANAY ADAMS, AND BRANDON OVERSTREET | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | 483RD JUDICIAL DISTRICT |
| | § | |
| SUNBEAM PRODUCTS, INC. AND NEWELL BRANDS, INC. | § | |
| | § | |
| Defendant. | § | HAYS COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE

On this day personally appeared **Andrew Swatzell** who, being by me duly sworn, deposed and said:

"The following came to hand on **December 5, 2025, 1:31 PM,**

CITATION
PLAINTIFFS' ORIGINAL PETITION,

and was executed at **211 EAST 7TH STREET STE 620, AUSTIN, TX 78701** within the county of **TRAVIS** at 11:34 AM on **December 09, 2025,** by delivering a true copy to the within named

**NEWELL BRANDS, INC.**
BY AND THROUGH ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY BY PERSONALLY DELIVERING TO ITS DESIGNATED AGENT, MAK HAYES

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Andrew Swatzell
PSC-18592 Exp. 09/30/2026

BEFORE ME, a Notary Public, on this day personally appeared Andrew Swatzell, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON <u>DECEMBER 10, 2025</u>

Notary Public, State of Texas

CARLY SWATZELL
Notary Public, State of Texas
Comm. Expires 09-14-2029
Notary ID 133330082

14743479

Copy from re:SearchTX

CITATION
THE STATE OF TEXAS
CAUSE NO. 25-3493-DCF

STYLED:  DASHANAY ADAMS, AND BRANDON OVERSTREET  VS SUNBEAM PRODUCTS, INC. AND NEWELL BRANDS, INC.

TO: **NEWELL BRANDS INC. , THROUGH ITS REGISTERED AGENT,  CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7TH ST., SUITE 620 AUSTIN TX  78701**

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION**, which was filed by the **PLAINTIFF,** in the above styled and numbered cause on the **26th day of November, 2025,** in the 483rd District Court of Hays County, San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 4th day of December, 2025.

REQUESTED BY:
Ronald K Lovett
Sorrels Law
230 Westcott Street
Houston TX  77007
713-496-1100

**AMANDA K. CALVERT**
Hays County District Clerk
Hays County Government Center
712 S. Stagecoach Trail, Suite 2211
San Marcos, Texas 78666
512-393-7660
By:_____
**Masciel Sanchez, Deputy**

### OFFICER'S RETURN

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of _____20___ by  delivering to defendant _____ in person,  a true copy of this citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock ___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding defendant being_____

_____

[ ] Information received as to the whereabouts of defendant being_____

_____

Service Fee:$_____

Sworn to and subscribed before me this the
_____ day of _____

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY:_____

_____
Printed Name of Server

_____
NOTARY PUBLIC, THE STATE OF TEXAS

_____County, Texas

Copy from re:SearchTX